# *Office of the Chapter 13 Standing Trustee*

## *Andrew B. Finberg, Chapter 13 Standing Trustee*

*Joni L. Gray, Counsel*
*Jennifer R. Gorchow, Staff Attorney*
*William H. Clunn, III, Staff Attorney*

*Lu'Shell K. Alexander\**
*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Kimberly A. Talley\**

*\*Certified Bankruptcy Assistant*

April 8, 2026

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

> **RE:   Chapter 13 Bankruptcy**
> **Case No. 24-19882 (ABA)**
> **Debtor(s) Name: Tammy M. Hawkins**

Dear Judge Altenburg:

Please accept this letter in lieu of a formal response to Debtor's Motion to Vacate Dismissal Order, which is returnable Tuesday, April 21, 2026, at 10:00 a.m.

Debtor filed for Chapter 13 bankruptcy protection on October 4, 2024.  An Order Confirming Chapter 13 Plan was entered on April 24, 2025, at $955 paid to date, then $154 for 54 months to pay administrative fees of $4,463, cure residential arrears due to Goldcrest Properties, LLC in the amount of $2,640 within the first eighteen (18) months of the plan, cure pre-petition arrears due to Toyota Lease Trust in the amount of $1,355.16 for the 2018 Toyota Corolla, maintain payments to Toyota Lease Trust for the 2018 Toyota Corolla, maintain payments due to Toyota Lease Trust for the 2018 Toyota Camry, with a 0% distribution to unsecured creditors who filed timely claims.

On November 12, 2025, a Stipulation Adjusting Plan Payments was filed with the Court which capitalized plan arrears through the plan and increased the plan payments to $167 per month for the remaining forty-eight (48) months.  Debtor failed to comply with the terms of the Stipulation Adjusting Plan Payments.  A Trustee's Certification of Default was filed with the Court on February 11, 2026.  Debtor did not oppose the Trustee's Certification of Default, and an Order Dismissing Case was entered February 26, 2026.

Debtor now comes before the Court on a Motion to Vacate Dismissal Order.  Debtor acknowledges their failure to submit plan payments and states that upon reinstatement of their case, they will file a Modified Chapter 13 Plan and Amended Schedules I and J to now pay their car in full through the Chapter 13 Plan.  Debtor requests entry of an Order Vacating Dismissal

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

Order.  The Trustee objects.

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60 into bankruptcy cases. Federal Rule of Civil Procedure 60 lists the grounds for relief from a final judgment or order like the Order of Dismissal in this case.

Federal Rule of Civil Procedure 60(b) provides five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding":

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Motion to Vacate Dismissal is essentially a motion for reconsideration and "is an extraordinary remedy and is only appropriate in select and narrow instances." In re McClees, 2023 WL 4110656, at *2 (Bankr. D.N.J. June 20, 2023).  The Debtor "who seeks such extraordinary relief from a final judgment bears a heavy burden." Plisco v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967).  Further, the moving party holds the heavy burden of demonstrating more than mere disagreement with a Court's decision. In re McClees, 2023 WL 4110656, at *2 (Bankr. D.N.J. June 20, 2023).  Debtor's Motion fails to address any grounds for the extraordinary relief under Rule 60(b).

Debtor has submitted ten (10) payments over the course of eighteen (18) months.  While Debtor acknowledges the delinquency in plan payments, Debtor has not advised why they fell behind, does not offer to cure the plan arrears, nor have they advised what change in circumstances has occurred that will permit Debtor to successfully continue in their case without further delinquency.

As previously noted above, Debtor's case was confirmed to pay Goldcrest Properties, LLC within the first eighteen (18) months of the case.  Debtor's case is presently in its 18th month with a balance due to Goldcrest Properties, LLC in the amount of $918.30.   Debtor's certification does not address how they intend to address the failure to promptly cure the residential arrears, which was a condition of confirmation.

Debtor now proposes to change the treatment of their vehicle loan and pay the balance through the plan. Though, which of the Debtor's two (2) vehicles will be paid through the plan is

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **3**

unclear. This change of the treatment of the secured creditor will further delay payment to the landlord as the secured creditor has a higher priority for disbursements.

There has been no change since the case was dismissed.  Debtor has not offered any funds towards the plan arrears and has not addressed or offered a solution to the failure to pay the landlord within the first eighteen (18) months of the plan.

Unless Debtor can remedy the deficiencies set forth above, the Trustee requests Debtor's motion be denied.

As always, please feel free to contact this office with any questions or concerns.

Respectfully submitted,

/s/ Joni L. Gray

Joni L. Gray
Counsel

JLG/jpa
cc:    Moshe Rothenberg, Esquire (Via CM/ECF)
       Tammy M. Hawkins (Via First Class Mail)

Cherry Tree Corporate Center                                    Payments Only:
535 Route 38
Suite 580                                                       P.O. Box 1978
Cherry Hill, NJ 08002                                  Memphis, TN 38101-1978
(856) 663-5002
                            Page **3** of **3**